# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

JAMES A. BLANTON,                                          :

                                Plaintiff,

          -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.                :

Case No. 3:09-cv-154

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

        Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

        Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence

is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial

gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1. If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSD on September 13, 2004, alleging disability from December 14, 2001, due to thoracic outlet syndrome, fibromyalgia, myofacial pain syndrome, right axillary vein thrombosis, and severe arthritis in the neck. (Tr. 65-67; 98). Plaintiff's application was denied initially and on reconsideration. (Tr. 56-58; 52-54). Administrative Law Judge McNichols held a hearing, (Tr. 545-98), following which he found that Plaintiff is not disabled. (Tr. 11-27). The Appeals Council denied Plaintiff's request for review, (Tr. 4-7), and Judge McNichols' decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge McNichols found that Plaintiff last met the insured status requirements of the Act on December 31, 2006. (Tr. 17, ¶ 1). Judge McNichols also found that prior to his date last insured, Plaintiff had severe history of fibromyalgia

without adequate trigger point examination evidence, chronic neck, back, shoulder, hip, leg, and arm pain all of which is attributed to fibromyalgia, a history of anxiety/depression, and alcohol abuse/ dependence, but that he did not have an impairment or combination of impairments that met or equalled the Listings. (Tr. 18, ¶ 3; Tr. 20, ¶ 4). Judge McNichols found further that prior to the expiration of his insured status, Plaintiff had the residual functional capacity to perform a limited range of light work. *Id.*, ¶ 5. Judge McNichols then used sections 202.21 (prior to age 50), and 202.14 (between age 50 and the date last insured) as a framework for deciding, coupled with a vocational expert's (VE) testimony, concluded that prior to the expiration of his insured status, Plaintiff was not disabled and therefore not entitled to benefits under the Act. (Tr. 27).

The record contains a copy of Plaintiff's voluminous records from the Veterans Administration health care facility (VA) intermittently dated March, 1989 through September, 2007. (Tr. 111-214; 227-68; 301-49; 369-534). Those records reveal that over time, Plaintiff has received care at the VA for various complaints including, *inter alia*, neck pain, upper back pain, arm pain, chest pain, anxiety, depression, and chronic pain syndrome. *Id.* Over time, Plaintiff's health care providers at the VA noted that Plaintiff exhibited some positive trigger points and they identified Plaintiff's diagnoses as, *inter alia,* right and left thoracic outlet syndrome, myofascial pain syndrome, fibromyalgia, tobacco use, and alcohol abuse. *Id.*

The record contains a copy of treating physician Dr. Trowbridge's office notes dated October, 2001, through April, 2004. (Tr. 269-83). Those notes reveal that Dr. Trowbridge treated Plaintiff for various complaints including injury to his tail bone, history of blood clot in the right shoulder, and left arm pain. *Id.*

Plaintiff received treatment from rheumatologist Dr. Newsome in November and

December, 2001. (Tr. 216-26). At the time Dr. Newsome first evaluated Plaintiff on November 1, 2001, he reported that Plaintiff was neurologically intact, had sixteen fibromyalgia tender points, and full ranges of motion of all his joints. *Id.* Dr. Newsome identified Plaintiff's diagnoses as very active fibromyalgia, history of blood clot in the right chest wall with first rib resection, rule out antiphospholipid antibody syndrome, and bilateral knee pain with probable mild osteoarthritis. *Id.* Dr. Newsome reported on December 3, 2001, that Plaintiff had sixteen fibromyalgia tender points and right piriformis tenderness upon palpation, but otherwise his examination was normal. *Id.* Dr. Newsome identified Plaintiff's diagnoses as active fibromyalgia, elevated liver function tests, rule out possible hepatitis versus other etiology, piriformis syndrome, history of regular alcohol abuse, history of blood clot in the right chest wall with first rib resection, no evidence of antiphospholipid antibody syndrome, and probable mild osteoarthritis of the knees. *Id.* Dr. Newsome recommended physical therapy. *Id.*

Examining physician Dr. Padamadan noted on November 30, 2004, that Plaintiff's complaints were fibromyalgia, neck pain and headache, that he was not taking any medications, and that he complained of trigger points which made him afraid of anyone touching him. (Tr. 284-91). Dr. Padamadan also noted that Plaintiff reported that any pressure on the trigger points would cause him to have severe pain and that during the examination even before he (Dr. Padamadan) touched Plaintiff's skin he would have the reaction of withdrawal, but when he applied the stethoscope under pressure on the front and back of the chest and neck, Plaintiff had no reaction at all. *Id.* Dr. Padamadan reported that Plaintiff drank about eight to sixteen beers per day, he had a flushed facies of chronic drinking and the sweet smell of breath from chronic ethanolism, scattered rhonchi of chronic smoking, normal ranges of motion, negative straight leg raising, and that his neurological

examination was normal. *Id.* Dr. Padamadan identified Plaintiff's diagnoses as history of fibromyalgia with Waddell's sign, neck pain and headaches without objective findings, and ethanolism. *id.* Dr. Padamadan opined that the only restriction Plaintiff would need was driving motor vehicles because of his continued drinking. *Id.*

In March, 2007, Plaintiff was examined by his health care providers at the VA for a determination of whether his service-connected conditions had worsened warranting an increase in his veteran's benefits. (Tr. 460-69; *see also,* Tr. 525-33). At that time, a physician's assistant noted that Plaintiff exhibited sixteen of twenty trigger points, that he had normal muscle strength, normal reflexes, normal sensation, and no signs of muscle atrophy. *Id.* It was also noted that x-rays of Plaintiff's cervical spine revealed mild degenerative changes with marginal spur and anterior new bone formation and that x-rays of his shoulders, low back, hips, and chest were normal. *Id.* Plaintiff's diagnoses were identified as severe fibromyalgia based on Plaintiff's symptoms and degenerative disc disease of the neck and lower back. *Id.* It was determined that Plaintiff would have difficulty finding any type of gainful employment based on his service-connected condition as he had difficulty with prolonged sitting, standing, any repetitive task, concentration, fine extremity movements, finger movements, and lifting objects. *Id.*

At the time of that examination, Dr. Schumer reported that Plaintiff's body was tender to the touch with some focal trigger points, his upper extremities had normal sensation and reflexes, good muscle strength, and that there was muscular atrophy throughout his body. *Id.* Dr. Schumer identified Plaintiff's diagnoses as fibromyalgia and thoracic outlet syndrome. *id.* Dr. Schumer opined that Plaintiff would benefit from physical therapy and that he would have difficulty performing any job requiring upper extremity dexterity or anything requiring any physical activity,

but he reserved his ultimate opinion concerning Plaintiff's employability pending a physical therapy regimen. *Id.*

The record contains additional evidence which Plaintiff submitted to the Appeals Council. (Tr. 535-44). That evidence consists of a November 10, 2008, notice to Plaintiff from the Department of Veterans Affairs advising Plaintiff that it had granted him entitlement to individual unemployability effective October 25, 2005, on the basis that Plaintiff's fibromyalgia was forty percent disabling, his thoracic outlet syndrome was ten percent disabling, and his degenerative disc disease in his neck was ten percent disabling. *Id.* That evidence was not before Judge McNichols and since the Appeals Council denied Plaintiff's request for review, that evidence is not a part of the record for purposes of substantial evidence review of Judge McNichols' decision. *Cline v. Commissioner of Social Security,* 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted).

In his Statement of Specific Errors, Plaintiff essentially argues that the Commissioner erred by failing to properly consider all of the evidence of record. (Doc. 8). Plaintiff also argues that this matter should be remanded for consideration of the November 10, 2008, notice from the Veterans Administration. *Id.* The Court will address Plaintiff's remand argument first.

The remand provision of 42 U.S.C. §405(g) provides that the court may order a case remanded to the Commissioner for further consideration "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g); *see also, Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1233 (6th Cir. 1993).

The court may review new evidence submitted after the Administrative Law Judge's decision for the limited purpose of determining the appropriateness of a remand to the Commissioner

under sentence six of 42 U.S.C. §405(g). *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir. 1992). Such remand is appropriate, however, only if the court finds that the evidence is new and material and there is good cause for the failure to incorporate that evidence into the record of the prior proceeding. *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 711 (6th Cir. 1988).

To establish materiality, the plaintiff must show, "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore,* 865 F.2d at 711 (citations omitted). New evidence on an issue already fully considered by the Commissioner is cumulative and is not sufficient to warrant remand of the matter. *Carroll v. Califano,* 619 F.2d 1157, 1162 (6th Cir. 1980). Additional evidence is material only if it concerns the plaintiff's condition prior to the Commissioner's decision. *Oliver v. Secretary of Health and Human Services,* 804 F.2d 964, 966 (6th Cir. 1986). Evidence of a subsequent deterioration or change in the plaintiff's condition after the administrative hearing is deemed immaterial. *Wyatt,* 974 F.2d at 685, *citing, Sizemore,* 865 F.2d at 712.

To show good cause, plaintiff must present some justification for the failure to have acquired and presented such evidence to the Commissioner for inclusion in the record during the hearing before the Administrative Law Judge. *See, Willis v. Secretary of Health and Human Services,* 727 F.2d 551 (6th Cir. 1984); *see also, Oliver, supra.* Additional evidence generated for the purpose of attempting to prove disability in contrast to evidence produced by continued medical treatment does not meet the good cause requirement of the Act. *Koulizos v. Secretary of Health and Human Services,* No. 85-1654 (6th Cir. Aug. 9, 1986) (table 802 F.2d 458).

A remand for the consideration of additional evidence is a "sixth sentence" remand,

*see, Sullivan v. Finkelstein,* 496 U.S. 617 (1990), and is a pre-judgment remand. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 175 (6ᵗʰ Cir. 1994) (citations omitted). Following such a remand, the Commissioner shall, after the case is remanded and after hearing such additional evidence if so ordered, modify or affirm the findings of fact or decision, or both, and shall file with the court any such additional and modified findings of fact and decision. *Finkelstein, supra.* Stated differently, in the case of a "sixth sentence" remand, the district court retains jurisdiction so that following this type of remand, it may review such additional or modified findings.

Of course, a determination by another agency that an individual is disabled is not binding on the Commissioner. 20 C.F.R. § 404.1504. However, the Commissioner at least must consider it. *Rothgeb v. Commissioner of Social Security,* 636 F.Supp.2d 797, 809 (S.D.Ohio 2009)(citation omitted). In addition, the Commissioner must articulate reasons for the amount of weight he assigns to that decision. *Id.* (citations omitted).

While it is true that the November 10, 2008, notice to Plaintiff from the Veterans Administration was not before Judge McNichols and therefore he cannot be faulted for not considering it, the above cited authority leads this Court to conclude that the notice is of sufficient importance in the Commissioner's decision making process that he should be given the opportunity to consider it now. Therefore, this Court finds that the November 10, 2008, notice is material withing the meaning of the remand provision of the Act.

The question becomes, then, whether Plaintiff had good cause for not including it in the record during the hearing before Judge McNichols. This Court concludes that he did. Specifically, the Veterans Administration notice is dated almost thirteen months after the hearing

9

and nine months after Judge McNichols issued his decision. Therefore, it simply was not possible for Plaintiff to include it in the record during the hearing before Judge McNichols. Further, in contrast to evidence which an individual generates subsequent to the hearing process for the purpose of attempting to prove disability or for the purpose of disputing an ALJ's findings, the evidence currently at issue came about as a part of the Veterans Administration's normal process.

This Court finds that the November, 2008, notice from the Veterans Administration satisfies the remand provision of the Act. Therefore, this matter should be remanded pursuant to sentence six for the consideration of the November 10, 2008, notice from the Veterans Administration and any other administrative proceedings necessary for a determination of whether Plaintiff is disabled.

It is therefore recommended that this matter be remanded pursuant to sentence six of the remand provision of the Act for the purpose of considering the November 10, 2008, notice from the Veterans Administration. It is also recommended that following such remand, the Commissioner shall file with the court any additional and/or modified findings of fact and decision. March 10, 2010.

s/ Michael R. Merz
United States Magistrate Judge


# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).