IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


JAMES A. BLANTON,                           :

                Plaintiff,

        -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,


                Defendant.          :

Case No. 3:09-cv-154

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g).   The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.   The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to

1

prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365  (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.*  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d  437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423.  To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy.  42 U.S.C. §423(d)(2).

The Commissioner has established a sequential evaluation process for disability determinations.  20 C.F.R. § 404.1520.  First, if the claimant is currently engaged in substantial

gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1. If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSD on September 13, 2004, alleging disability from December 14, 2001, due to thoracic outlet syndrome, fibromyalgia, myofascial pain syndrome, right axillary vein thrombosis, and severe arthritis in the neck. Tr. 65-67; 98. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 56-58; 52-54. Administrative Law Judge Thomas McNichols held a hearing, (Tr. 545-98), following which he determined that Plaintiff is not disabled. Tr. 11-27. The Appeals Council denied Plaintiff's request for review, (Tr. 4-7), and Judge McNichols' decision became the Commissioner's final decision. See *Kyle v. Commissioner of Social Security,* 609 F.3d 847, 854 (6th Cir. 2010).

Plaintiff then filed an action in this Court seeking judicial review of the Commissioner's decision. *Blanton v. Commissioner,* No. 3:09-cv-154 (Doc. 1 filed Apr. 20. 2009; PageID 1-2)

("*Blanton I*"). On March 10, 2010, this Court issued a Report and Recommendations recommending that the matter be remanded for the purpose of consideration a November 10, 2008, notice from the Veterans Administration (VA) and any other administrative proceedings necessary for a determination of whether Plaintiff is disabled. *Id.,* PageID 56-66; Tr. 628-38. On March 30, 2010, District Judge Walter Rice adopted that Report and Recommendations and remanded the matter. *Blanton I at* PageID 67; Tr. 639.

On remand, Judge McNichols held a hearing, (Tr. 931-973), following which he determined that Plaintiff is not disabled. Tr. 614-27. The Appeals Council denied Plaintiff's request for review, (Tr. 599-600), and Judge McNichols' decision became the Commissioner's final decision. *Kyle,* 609 F.3d at 854.

In determining that Plaintiff is not disabled, Judge McNichols found that Plaintiff last met the insured status requirement of the Act on December 1, 2006.  Tr. 619, ¶ 1. Judge McNichols also found that through his last date insured, Plaintiff had a severe history of fibromyalgia (diagnosed in 1987 without adequate trigger point examination evidence), chronic back, neck, hip, leg, and arm pain all attributed to fibromyalgia, history of depression and anxiety (with no history of counseling or medications), and alcohol abuse and dependence, but that he did not have an impairment or combination of impairments that met or equaled the Listings. *Id.,* ¶ 4; Tr. 620, ¶ 5. Judge McNichols then found that through his last date insured, Plaintiff had the residual functional capacity to perform a limited range of light work. Tr. 621, ¶ 5. Judge McNichols then used sections 202.21 and 202.14 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that through his last date insured, there was a significant number of jobs in the economy that Plaintiff was capable of performing. Tr. 626, ¶ 10. Judge McNichols

concluded that as of his last date insured, Plaintiff was not disabled and therefore not entitled to benefits under the Act. Tr. 627.

In this Court's March 10, 2010, Report and Recommendations, the Court reviewed the medical evidence that was a part of the record at that time. PageID 59-62. The Court incorporates that review herein.

On remand, Plaintiff submitted treatment notes from his health care providers at the VA health care facility. Some of those treatment notes were already a part of the record this Court previously reviewed. See PageID 59. Accordingly, the Court will now review only those treatment notes which were not previously a part of the administrative record.

The record contains a copy of a November 20, 1991, VA medical board physical examination report from examining physician Dr. Vockroth. Tr. 928-30. Dr. Vockroth reported that Plaintiff had multiple tender points in his right shoulder and right arm, collateral vein formation on the right upper anterior chest and appropriate surgical scars, his lungs were clear, his heart sounds were normal, his abdominal exam was benign, and that the remainder of his exam was unremarkable. *Id.* Dr. Vockroth identified Plaintiff's diagnoses as chronic pain syndrome, right upper extremity and "miscellaneous conditions and defects" that "interfere[ ] with satisfactory performance of duty as substantiated by the individual's commander or supervisor". *Id.* Dr. Vockroth opined that Plaintiff could not perform any duties which require driving, heavy lifting, or continuous use of his right upper extremity. *Id.*

Plaintiff's additional treatment notes from the VA dated September, 2007, through May, 2011, are now a part of the record. Tr. 702-927. Those records reveal that over that period of time, Plaintiff's health care providers treated him for various medical conditions including tobacco use,

depression, fibromyalgia, thoracic outlet syndrome, alcohol abuse, atypical nevus of the right upper back, bilateral leg pain, hyponatremia, disorder of the teeth and supporting structures, blurred vision, epistaxis, alcoholic liver disease, cervical radiculopathy, shoulder pain, back pain, hypertension, bronchitis, and possible rheumatoid arthritis. *Id.*

As noted above, the Court remanded this matter primarily for the purpose of giving the Commissioner the opportunity to consider the November 10, 2008, notice from the VA. That notice provides that VA had determined that Plaintiff was entitled to individual unemployability effective October 24, 2005, and to Dependents' Educational Assistance from October 24, 2005. Tr. 541-43. The notice also provides that the VA had granted to Plaintiff entitlement to individual unemployability because it had determined that Plaintiff was unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities including fibromyalgia at forty percent disabling, thoracic outlet syndrome of the right upper extremity at ten percent disabling, degenerative disc disease of the cervical spine at ten percent disabling, post-operative benign tumor of the right first rib at zero percent disabling, thrombosis of right axillary vein at zero percent disabling, and thoracic outlet syndrome of the left upper extremity at zero percent disabling. *Id.*

Plaintiff essentially argues in his Statement of Errors that the Commissioner erred by rejecting his VA treating physicians' reports and conclusions and by failing to find that he is entirely credible. (Doc. 20).

At the outset, to the extent that Plaintiff argues that the Commissioner failed to follow the remand order, the Court rejects that argument.

Plaintiff seems to claim that the Commissioner failed to follow the remand order on the basis that he (the Commissioner) reached the same conclusion that he had previously reached prior to remand. However, contrary to the suggestion that the Commissioner failed to consider the November 10, 2008, notice from the VA, a review of Judge McNichols' decision shows that he indeed considered that notice. Tr. 617; 624-25. However, Judge McNichols rejected the conclusions in the notice that Plaintiff is unemployable on at least two grounds. Tr. 624-25. First, Judge McNichols noted that a finding by a non-governmental entity or a governmental agency other that the SSA is not binding on the Commissioner because those determinations are not based on Social Security law. *Id.* In addition, and probably more importantly, Judge McNichols declined to give the report little, if any weight, because it contains no medical evidence or clinical findings. In addition, Judge McNichols pointed out that the notice stated that the decision maker arrived at his/her conclusion based on "a fair preponderance of the evidence" but that there was no reasoning given in support of the conclusion.

First, the Regulations provide that the Commissioner is not bound by findings made by any nongovernmental agency or any other governmental agency about whether an individual is disabled. 20 C.F.R. § 404.1504. Therefore, the Commissioner did not err simply by failing to accept the VA's conclusion that Plaintiff is unemployable. Second, Judge McNichols accurately described the contents of the notice at issue. Specifically, it contains no medical evidence upon which the VA decision maker relied in reaching the conclusion that Plaintiff is unemployable. In addition, the notice does not contain any reasoning as to how or why the decision maker concluded that Plaintiff is unemployable. In the absence of medical evidence and any reasoning supporting the determination that Plaintiff is unemployable, the Commissioner had an adequate basis for

7

rejecting the VA's conclusion in the November 10, 2008, notice. Cf., *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009)(citations omitted).

The Court notes next that a key question in this case is the severity of any of Plaintiff's impairments before the expiration of his insured status. A social security disability claimant bears the ultimate burden of proof on the issue of disability. *Richardson v. Heckler,* 750 F.2d 506, 509 (6th Cir. 1984) (citation omitted). The claimant's specific burden is to prove that he was disabled on or before the last date on which he met the special earnings requirement of the Act. *Id.* (citation omitted); *Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir. 1990). Post insured status evidence of a claimant's condition is generally not relevant. *Bagby v. Harris,* 650 F.2d 836 (6th Cir. 1981); *see also, Bogle v. Secretary of Health and Human Services,* 998 F.2d 342 (6th Cir. 1993). However, such evidence will be considered if it establishes that an impairment existed continuously and in the same degree from the date the insured status expired. *Johnson v. Secretary of Health and Human Services,* 679 F.2d 605 (6th Cir. 1982). Plaintiff's insured status expired on December 31, 2006. Therefore, Plaintiff must establish that he became disabled on or before that date.

Plaintiff argues that the Commissioner erred by rejecting the opinions of his VA treating physicians.

"In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). "One such standard, known as the treating physician rule, requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because

> these sources are likely to be the medical professionals most able to
> provide a detailed, longitudinal picture of [the claimant's] medical

8

> impairment(s) and may bring a unique perspective to the medical
> evidence that cannot be obtained from the objective medical
> findings alone of from reports of individual examinations, such as
> consultative examinations or brief hospitalizations.

*Id.*, *quoting*, *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544, (6th Cir. 2004),

*quoting,* 20 C.F.R. § 404.1527(d)(2).

"The ALJ 'must' give a treating source opinion controlling weight if the treating source

opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques'

and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley,* 581

F.3d at 406, *quoting, Wilson,* 378 F.3d at 544. "On the other hand, a Social Security Ruling[1]

explains that '[i]t is an error to give an opinion controlling weight simply because it is the opinion

of a treating source if it is not well-supported by medically acceptable clinical and laboratory

diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'"

*Blakley, supra, quoting,* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996).  "If the ALJ

does not accord controlling weight to a treating physician, the ALJ must still determine how much

weight is appropriate by considering a number of factors, including the length of the treatment

relationship, supportability of the opinion, consistency of the opinion with the record as a whole,

and any specialization of the treating physician." *Blakley,*582 F.3d at 406*, citing, Wilson,* 378

F.3d at 544*, citing* 20 C.F.R. § 404.1527(d)(2).

"Closely associated with the treating physician rule, the regulations require the ALJ to

'always give good reasons in [the] notice of determination or decision for the weight' given to the

claimant's treating source's opinion." *Blakley,* 581 F.3d at 406, *citing,* 20 C.F.R.

---

FN 1.  Although Social Security Rulings do not have the same force and effect as statutes or regulations, "[t]hey are binding on all components of the Social Security Administration" and "represent precedent, final opinions and orders and statements of policy" upon which the agency relies in adjudicating cases. 20 C.F.R. § 402.35(b).

§404.1527(d)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Blakley,* 581 F.3d at 406-07,*citing,* Soc.Sec.Rule 96-2p, 1996 WL 374188 at *5. "The *Wilson* Court explained the two-fold purpose behind the procedural requirement:

> The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. *Snell v. Apfel,* 177 F.3d 128, 134 (2nd Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.

*Blakley,* 581 F.3d at 407, *citing, Wilson,* 378 F.3d at 544. "Because the reason-giving requirement exists to ensure that each denied claimant received fair process, the Sixth Circuit has held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence,* even where the conclusion of the ALJ may be justified based upon the record.'" *Blakley, supra, quoting, Rogers v. Commissioner of Social Security.,* 486 F.3d 234, 253 (6th Cir. 2007)(emphasis in original).

In declining to give Plaintiff's VA treating physicians' opinions controlling, or even great, weight, Judge McNichols determined that those opinions are not supported by the objective evidence and are inconsistent with other evidence. Tr. 622-24. Specifically, Judge McNichols noted that while Plaintiff's VA health care provider reported that Plaintiff exhibited sixteen of twenty trigger points, he essentially had a normal neurological examination reflected by normal

muscle strength, normal reflexes, normal sensation, and no signs of muscle atrophy. *Id.* That is an accurate description of the medical evidence. See, Tr. 463. In addition, while another of Plaintiff's health care providers at the VA reported that Plaintiff displayed some physical findings such as an antalgic gait, diffuse tenderness, paraspinal muscle spasms and guarding, he also reported that Plaintiff's neurological findings were normal. Further, as Judge McNichols basically determined, Plaintiff's VA health care providers' findings are inconsistent with examining physician Dr. Padamadan's findings and conclusions. See, Tr. 625; 284-91. In any event, the reports from Plaintiff's health care providers at the VA which arguably contain some positive physical findings are dated almost four months after the expiration of Plaintiff's insured status.

Under these facts, the Commissioner did not err by giving little, if any, weight to the findings and conclusions of Plaintiff's VA health care providers.

Plaintiff argues next that the Commissioner erred by failing to find that he was entirely credible with respect to his allegations of fibromyalgia. In support, Plaintiff relies on *Rogers v. Commissioner of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). In *Rogers,* the court remanded the matter because the ALJ did not fully consider the plaintiff's allegations of fibromyalgia and based his credibility findings solely on a lack of objective evidence. *Id.* at 242-49.

Contrary to Plaintiff's position, *Rogers* does not provide support for his argument. Specifically, and in contrast to *Rogers,* Judge McNichols determined that Plaintiff's fibromyalgia is a severe impairment. In addition, Judge McNichols considered more than a lack of objective evidence in determining that Plaintiff was not entirely credible. See, Tr. 622; 24-25. For example, Judge McNichols noted that Plaintiff took care of all his needs, performed household chores, shopped, visited others, walked for exercise, took a two-week car trip, visited with others

11

including his young granddaughter five days a week for four hours at a time, and babysat for his granddaughter. Additionally, and again in contrast to *Rogers,* Judge McNichols provided accommodations for Plaintiff's alleged fibromyalgia by limiting him to light work that did not involve working on uneven surfaces, repeated use of foot controls, climbing ladders, ropes, and scaffolds, and working near hazards. Tr. 625.

The Commissioner did not err in evaluating Plaintiff's credibility with respect to his allegations of fibromyalgia.

The Court's duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence.  *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982).   The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."  *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939).   The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff is not disabled be affirmed.

January 11, 2013                                    s/ *Michael R. Merz*
                                                         United States Magistrate Judge

12

## NOTICE    REGARDING    OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.   Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.   If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).